UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALAA ALMOGHRABI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV00507 AGF |
| | ) | |
| GOJET AIRLINES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant International Brotherhood of Teamsters Local Union No. 618 ("Local 618") to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss shall be denied.

## BACKGROUND

On March 19, 2014, Plaintiff Alaa Almoghrabi filed a pro-se complaint against Defendants GoJet Airlines, LLC ("GoJet") and Local 618, alleging employment discrimination based on race and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010 et seq. Plaintiff alleged that he was terminated from his job as a pilot on October 16, 2012 by GoJet. Plaintiff thereafter attended a pilot's hearing with two Local 618 representatives, and on October 26, 2012, Plaintiff received a letter informing him that the decision of GoJet was confirmed. On November 2, 2012, Plaintiff called Defendant Local 618 to file a grievance, but Local 618 told Plaintiff that

"religion, culture, accent, race, or threatening behavior was inconsequential . . . and what mattered was that Plaintiff had pushed Hernandez." (Doc. No. 1 at 7). Plaintiff thereafter received a letter from Local 618 denying his request for a grievance. In addition, Plaintiff alleges that Defendant Local 618 declined to aid Plaintiff in obtaining other employment. Plaintiff alleges that he timely filed a written complaint of discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"), and that he received a Right-to-Sue ("RTS") letter on December 19, 2013.

Defendant Local 618 has filed this motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant's sole argument in support of dismissal is that the six-month statute of limitations for a breach of duty of fair representation claim under the Railway Labor Act, 45 U.S.C. §§ 151–188, should apply to this case, and Plaintiff failed to bring this action within six months of learning his grievance was denied, in violation of the statute of limitations.

In response,[1] Plaintiff argues that he did not raise a duty of fair representation claim, but a Title VII claim, and his lawsuit was timely under Title VII.

## DISCUSSION

When considering a motion to dismiss for failure to state a claim, the complaint's material allegations are taken as true and liberally construed in the plaintiff's favor. *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003). Plaintiff's allegations "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

---

[1] After Local 618 filed its motion to dismiss, counsel entered on behalf of Plaintiff and filed a response to the motion.

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In addition, the complaint was filed while Plaintiff was appearing pro se, and the Court is mindful that a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers and therefore must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94, (2007).

Title VII creates a cause of action against labor organizations for unlawful employment practices under 42 U.S.C. § 2000e-2(c).[2] *Jennings v. Am. Postal Workers Union*, 672 F.2d 712, 715 (8th Cir. 1982). "[A] plaintiff may bring an action under Title VII and the Missouri Human Relations Act (MHRA) if his union, for discriminatory reasons, breaches its duty to represent him fairly in the handling of his complaints and grievances." *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1053 (8th Cir. 2002). The "mere use of the phrase 'breach of duty of fair representation' in his original complaint does not, in and of itself, necessarily signify that [a plaintiff] intended to bring his action under the Labor Management Relations Act (LMRA)." *Id*. In order to bring a suit under Title VII for employment discrimination, an

---

[2] 42 U.S.C. § 2000e-2(c) provides:

> It shall be an unlawful employment practice for a labor organization—
> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
> (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

employee must bring a civil action within 90 days of receiving his RTS letter. See 42 U.S.C. § 2000e–5(f)(1). Likewise, any action brought in court under the MHRA "shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Mo. Rev. Stat. § 213.111.

Plaintiff has explicitly classified his claim under Title VII and the MHRA, not the Railway Labor Act.[3] Defendant Local 618 does not dispute that Plaintiff has timely filed a written complaint of discrimination with the MCHR and the EEOC, or that Plaintiff filed his civil complaint with this Court within 90 days after receiving his RTS letter and, for purposes of the MHRA, not more than two years after the alleged cause occurred or could be reasonably discovered. Plaintiff's complaint for employment discrimination under Title VII and the MHRA was thus timely filed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Local 618's motion to dismiss is denied. (Doc. No. 3).

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2014.

---

[3] For this reason, Defendant Local 618's reliance on *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151 (1983) is misplaced. In *DelCostello*, the Court held that the six-month limitations period in the National Labor Relations Act for filing unfair labor practice charges is the statute of limitations applicable to an employee's action for breach of the collective bargaining agreement and breach of the duty of fair representation, in that such action has no close analogy in state law. *Id.* at 169-172. *DelCostello* does not deal with a Title VII claim for employment discrimination.