UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALAA ALMOGHRABI, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:14-CV-00507-AGF |
| GOJET AIRLINES, LLC, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant GoJet Airlines, LLC ("GoJet") to dismiss in part Plaintiff's complaint. Plaintiff Alaa Almoghrabi, a Jordanian Muslim, filed suit against his former employer, GoJet, alleging that he was illegally terminated based on Plaintiff's race, color, religion, and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, et seq. GoJet argues that Plaintiff's MHRA claim is untimely, and Plaintiff's discrimination claims based on race and color have not been administratively exhausted. For the reasons set forth below, GoJet's motion shall be granted in part and denied in part.

## BACKGROUND

Viewing the facts in the light most favorable to Plaintiff, the record establishes the following. Plaintiff was employed as a pilot by GoJet from November 2007 until his termination in October 2012. Plaintiff was terminated following an altercation with a co-pilot who made fun of Plaintiff's Arabic language and accent.

On January 18, 2013, Plaintiff filed charges of discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on the October 2012 termination. (Doc. No. 25-1 at 1-3.)[1] In his charges, Plaintiff only checked the boxes for discrimination based on religion and national origin. However, in the description section of his charges, plaintiff further stated that the co-pilot "made fun of my accent by imitating my Arabic in a phone conversation to a taxi driver." *Id.* at 3. Plaintiff also stated that, whereas he was terminated for allegedly pushing the co-pilot, GoJet "did not take similar action against a Caucasian employee of American origin who was arrested for allegedly harassing and chasing a female to her house." *Id.*

The MCHR issued its right-to-sue on December 8, 2013. (Doc. No. 25-2 at 1.) That letter stated that Plaintiff "[had] a right to bring a civil action within 90 days of the date of this letter . . . ." *Id.* The letter also reemphasized, in bold and capitalized print: "**IF YOU DO NOT FILE A CIVIL ACTION . . . RELATING TO THE MATTERS ALLEGED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE . . . , YOUR RIGHT TO SUE IS LOST.**" *Id.*

The EEOC issued its right-to-sue on December 17, 2013. (Doc. No. 40-2 at 1.) That letter stated that Plaintiff must file his lawsuit "**WITHIN 90 DAYS of [his] receipt**

---

[1] Plaintiff's complaint states only that "Plaintiff timely filed a written complaint of discrimination with Missouri Commission on Human Rights (MCHR) and Equal Employment Opportunity Commission (EEOC)." (Doc. No. 1 at 7.) The complaint neither describes the contents of the MCHR and EEOC charges, nor attaches copies of these charges. However, the parties have both attached copies of the administrative charges and right-to-sue letters to their briefs on GoJet's motion to dismiss. (*See* Doc. Nos. 25-1, 25-2, 40-1, & 40-2.)

**of this notice**" and further provided that "[t]he time limit for filing suit based on a claim under state law may be different." *Id*.

Plaintiff commenced this lawsuit, pro se, on March 19, 2014. Although the complaint states "comes now, plaintiff … by and through his attorney," counsel did not formally appear in this case on behalf of Plaintiff until August 22, 2014. (Doc. Nos. 1 & 6.) Count I of Plaintiff's complaint asserts discrimination by GoJet based on race, color, religion, and national origin, in violation of Title VII. Count III asserts discrimination by GoJet based on race, color, religion, and national origin, in violation of the MHRA.[2]

GoJet filed its motion to dismiss on November 5, 2014, and contemporaneously filed an answer to Plaintiff's complaint. GoJet answered all counts of Plaintiff's complaint.

In its motion to dismiss, GoJet argues that Count III of Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and, alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. GoJet argues that Count III of Plaintiff's complaint is time-barred under the MHRA because it was not filed within 90 days of the MCHR issuing its right-to-sue notice. GoJet asserts that because Plaintiff filed his complaint 101 days after the right-to-sue notice was issued, Plaintiff's MHRA claims fail as a matter of law. Therefore, GoJet argues that Count III fails for

---

[2] The remaining counts are asserted against Plaintiff's union, International Brotherhood of Teamsters – Local 618.

lack of subject matter jurisdiction and fails to state a claim upon which relief can be granted.

Additionally, GoJet asserts that Plaintiff has failed to exhaust his administrative remedies for his claims of discrimination on the basis of race and color, under both the MHRA and Title VII, by failing to include these claims in his charges of discrimination with the MCHR and EEOC. Therefore, GoJet argues Plaintiff's race and color discrimination claims in Counts I and III must be dismissed.

With respect to Count III, Plaintiff admits that he filed his MHRA claim more than 90 days after the date of his right-to-sue letter from the MCHR, but Plaintiff argues that equitable tolling should apply because the delay was the result of excusable neglect. Specifically, Plaintiff argues that, as a pro se litigant, he confused the deadlines for filing a Title VII claim and an MHRA claim. Plaintiff argues that he received the right-to-sue letters from the EEOC and MCHR around the same time, and that because the EEOC letter stated he had to file a lawsuit within 90 days of receipt of the letter, he thought the same rule applied to his MHRA claim.

With respect to his race and color discrimination allegations in Counts I and III, Plaintiff argues that his complaint is adequate. Plaintiff asserts that his Title VII and MHRA claims need only be "reasonably related" to the factual allegations of his administrative charges. Plaintiff contends that GoJet is not prejudiced by the inclusion of race and color discrimination in the complaint, especially in light of the fact that Plaintiff alleges discrimination based on national origin in his administrative charges. Plaintiff argues that allegations of discrimination based on "national origin" and "race and color"

are interrelated, and GoJet was therefore adequately apprised of the nature of Plaintiff's claims against it.

## DISCUSSION

### Motion to Dismiss Standard

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial challenge to jurisdiction, the court affords the non-moving party the same protections that it would receive under a Rule 12(b)(6) motion to dismiss. *See Osborn*, 918 F.2d at 729 n.6. In both types of motions, the court presumes that all of the factual allegations in the complaint are true and will not dismiss the claims unless the plaintiff fails to allege an essential element to establish subject matter jurisdiction or fails to state a claim for relief that is "plausible" on its face. *See Titus*, 4 F.3d at 593 (discussing 12(b)(1) standard); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing 12(b)(6) standard).

In this case, GoJet filed its motion to dismiss contemporaneously with its answer, contrary to the terms of Rule 12(b). Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Nevertheless, the Court finds authority to consider GoJet's challenges regarding both lack of subject matter jurisdiction and failure to state a claim. *See Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (stating that the lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party to an action);

*Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (treating a 12(b)(6) motion for failure to state a claim "as if it had been styled a 12(c) motion"); Fed. R. Civ. P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by motion under rule 12(c).").

When considering a motion regarding the sufficiency of the pleadings, such as this one, "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802 (8th Cir. 2002) (finding that motion for judgment on the pleadings was not converted to summary judgment by attachment of a copy of the EEOC charge, which was part of public record). As Plaintiff specifically referenced the written complaint of discrimination he filed with the MCHR and the EEOC in his compliant in this Court, and both parties have cited to and attached Plaintiff's administrative charges and right-to-sue notices, the Court will consider these materials in resolving GoJet's motion to dismiss.

**MHRA Claims (Count III)**

The MHRA requires an aggrieved party to file a complaint within 90 days of the date of the notice of right-to-sue, and if he fails to do so, the right to sue is lost. *See* Mo. Rev. Stat. § 213.111.1 ("[T]he commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint."); *State, ex rel. Martin–Erb v. Mo. Comm'n on Human Rights*, 77 S.W.3d 600, 604 (Mo. 2002) ("The complainant must

file any civil action against the person or entity allegedly committing the discrimination within 90 days of the date of the MCHR's letter . . . ."); *Hammond v. Mun. Corr. Inst.*, 117 S.W.3d 130, 139 (Mo. Ct. App. 2003) ("[A]ny suit under the Missouri Human Rights Act filed beyond ninety days after the date of the right-to-sue letter is not timely.").

Plaintiff concedes his MHRA claims were not filed within the ninety-day period prescribed by § 213.111.1, but he argues that equitable tolling should apply because of his confusion arising from the different deadline set by the EEOC notice. The Court rejects this argument. Both the MHRA and the MCHR's right-to-sue notice clearly set forth the ninety-day deadline, and Plaintiff's pro se status did not excuse him from complying with this statutory requirement. *See Hammond,* 117 S.W.3d at 139 (reasoning that "[a]lthough the practitioner must carefully read the statute concerning the deadline for filing, the statute is sufficiently clear to avoid due process problems. Also, the ninety day requirement would be no surprise to a layperson, because that specific language was included twice in the letter to sue."); *see also Houston-Morris v. AMF Bowling Ctrs., Inc.*, No. 11–00325–CV–W–FJG, 2011 WL 5325646, at *3 (W.D. Mo. Nov. 3, 2011) (rejecting Plaintiff's request to equitably toll the statute of limitations for an MHRA claim because she was "misled by the language" of the MCHR and EEOC right-to-sue notices, and was "unfamiliar[] with handling and interpreting such notices"); *Muth v. Cobro Corp.*, 895 F. Supp. 254, 256 (E.D. Mo. 1995) (finding no legal basis for plaintiff's argument that "the ninety (90) day limitation runs equally from either the EEOC or the MCHR 'Right–to–Sue' letter" and holding that plaintiff's EEOC claim was untimely).

Therefore, the Court will dismiss Count III as time-barred.

**Title VII Race and Color Discrimination Claims (Count I)**

A plaintiff alleging discrimination under Title VII must exhaust administrative remedies before filing in federal court. *Wilkie v. Dep't of Health & Human Servs.*, 638 F.3d 944, 949 (8th Cir. 2011). Exhaustion of administrative remedies under Title VII requires a claimant to give notice of all claims of discrimination in the initial administrative charge. *Stuart v. General Motors Corp.*, 217 F.3d 621, 630-31 (8th Cir. 2000); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-15 (2002) (holding that to state claim under Title VII, a plaintiff must provide fair notice of the claim and the grounds upon which it rests).

While the Eighth Circuit has stated that a subsequently filed lawsuit need not mirror the administrative charges, the complaint can only sweep as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge filed. *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 674 (8th Cir. 2006); *see also, Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886-87 (8th Cir. 1998) ("In determining whether an alleged discriminatory act falls within the scope of a Title VII claim, the administrative complaint must be construed liberally in order not to frustrate the remedial purposes of Title VII, and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge."); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) ("A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC.").

To determine whether the allegations of a complaint are reasonably related to claims of discrimination in an administrative charge, courts customarily look to the substance of the administrative charge. For example, in *Lin Gao v. YMCA of Greater St. Louis*, the plaintiff's complaint alleged discrimination on the basis of race, color, gender, age, and national origin. No. 4:14CV01221 ERW, 2014 WL 5166931, at *2 (E.D. Mo. Oct. 14, 2014). Although the plaintiff only checked the box for race discrimination on her EEOC charge, the court nevertheless concluded it had jurisdiction to consider the national origin discrimination claim because the plaintiff included that allegation in her description of the charge, which was included on the EEOC form. *Id.*

Other circuits also focus on "the factual allegations made in the EEOC charge itself, describing the discrimination conduct about which a plaintiff is grieving." *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003). In *Deravin*, the Second Circuit concluded that a plaintiff's race discrimination claim was reasonably related to his EEOC charge of national origin discrimination because, "read liberally, allegations by an African-American employee that employees of Irish descent are receiving preferential treatment implicitly suggests some form of potential racial discrimination in addition to an illegitimate preference premised on national origin." *Id.* at 202.

The court also noted that, although "an assertion of racial bias is conceptually distinct from a claim of discrimination on the basis of national origin," the two claims "may substantially overlap or even be indistinguishable depending on the specific facts of a case." *Id.* at 201; *see also Sinai v. New England Tel. and Tel. Co.*, 3 F.3d 471, 475 (1st Cir. 1993) ("[R]ace and national origin discrimination may present identical factual

issues when a victim is 'born in a nation whose primary stock is one's own ethnic group' . . . [and thus] in certain circumstances . . . national origin and race discrimination may overlap"); *Bullard v. OMI Georgia, Inc.*, 640 F.2d 632, 634 (5th Cir. Unit B 1981) ("In some contexts, national origin discrimination is so closely related to racial discrimination as to be indistinguishable") (internal quotation marks and citation omitted)). The court thus declined to "draw overly fine distinctions between race and national origin claims as part of the threshold exhaustion inquiry prior to the full development of a plaintiff's claims, given the potential overlap between the two forms of discrimination." *Deravin*, 335 F.3d at 202.

Likewise, courts have held that claims for discrimination based on color may be reasonably inferred from the facts alleged in an administrative charge, notwithstanding a plaintiff's failure to check the box for color discrimination. In *Gul-E-Rana Mirza v. Neiman Marcus Group, Inc.*, 649 F. Supp. 2d 837, 854 (N.D. Ill. 2009), the plaintiff stated in her administrative charge of discrimination that she was discriminated against "because of [her] race, Pakistani, and [her] religion, Muslim." *Id.* The court reasoned that "it [was] hardly obvious how allegations of discrimination based on race and national origin would throw the EEOC's investigators off the scent of a claim of discrimination based on color" simply because of "a missed checkbox and the omission of the word 'color.'" *Id.* at 856. Thus, the court denied the defendant's motion for summary judgment with respect to the plaintiff's claim of discrimination based on color. *Id.*

Here, Plaintiff's race and color claims are "reasonably related" to the national origin and religion claims addressed in his EEOC charge, as they are based on the same

10

factual predicate.  *Compare* Doc. No. 1 (complaint), *with* Doc. No. 25–1 (EEOC Charge).

In his EEOC charge, Plaintiff stated that he was discharged "due to [his] national origin,

Jordanian, and my religion, Muslim." (Doc. No. 25-1 at 3.)  Moreover, Plaintiff's charge

specifically referenced an incident in which a co-pilot "made fun of [his] accent by

imitating [his] Arabic," and further asserts that GoJet "did not take similar action against

a Caucasian employee." (Doc. 25–1 at 3.)  Read liberally, this suggests some form of

potential race and color discrimination.  *See Saint Francis Coll. v. Al-Khazraji*, 481 U.S.

604, 613 (1987) (holding that a claim of racial discrimination pursuant to 42 U.S.C. §

1981 could be based on a showing that discrimination resulted from Arab ethnicity);

*Ghane v. West*, 148 F.3d 979, 981 n.2 (8th Cir. 1998) (concluding that an Iranian

plaintiff's claims of discrimination based upon both national origin and race could, for

purposes of a summary judgment analysis, be treated as essentially the same claim).

In sum, considering the specific facts of this case, the Court concludes that the

absence of an explicit reference to race and color discrimination in Plaintiff's EEOC

charge is not dispositive.  Because a claim of race and color discrimination could

reasonably be expected to grow out of Plaintiff's EEOC charge, the Court will deny

GoJet's motion to the extent it is based on Plaintiff's alleged failure to exhaust his race

and color discrimination claims in Count I.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant GoJet Airlines LLC's motion to

dismiss is **GRANTED** in part and **DENIED** in part.  (Doc. No. 24.)  The motion is

11

**GRANTED** with respect to Count III of Plaintiff's complaint. Count III is **DISMISSED**. The motion is **DENIED** with respect to Plaintiff's claims of race and color discrimination in Count I.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March, 2015.