UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALAA ALMOGHRABI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-00507-AGF |
| | ) | |
| GOJET AIRLINES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 48) of Plaintiff Alaa Almoghrabi for leave to amend his complaint. Plaintiff, a Jordanian Muslim, filed suit against his former employer, Defendant GoJet Airlines LLC ("GoJet"), alleging that he was illegally terminated on the basis of his race, color, religion, and national origin. Plaintiff also sues Defendant International Brotherhood of Teamsters Local 618 ("IBT") for discriminating against him, based on his race, color, religion, and national origin, by failing adequately to represent him in his dispute against GoJet. For the reasons stated below, Plaintiff's motion for leave to amend will be granted. However, the Court will sua sponte dismiss Count III of Plaintiff's First Amended Complaint.

**BACKGROUND**

Plaintiff filed this action on March 19, 2014, asserting claims for discrimination by both Defendants based on his race, color, religion, and national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., and the Missouri Human Rights

Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, et seq. Plaintiff alleges that he was employed by GoJet as a pilot from November 2007 until October 2012, when he was terminated following an altercation with another GoJet employee who allegedly mocked Plaintiff's Arabic language and accent, as well as his clothing and sexuality.

On November 5, 2014, GoJet filed a motion to dismiss, in which it argued that Plaintiff's MHRA claim against it was time-barred because it was not filed within 90 days of the Missouri Commission on Human Rights ("MCHR") issuing its right-to-sue letter, as required by the MHRA. *See* Mo. Rev. Stat. § 213.111.1. In its motion, GoJet also argued that Plaintiff's race and color discrimination claims made against it should be dismissed because Plaintiff failed to exhaust his administrative remedies for those claims, in that he failed to check the boxes for race and color discrimination in his administrative charges with the MCHR and the Equal Employment Opportunity Commission ("EEOC").

In response to that motion, Plaintiff conceded that his MHRA claim was untimely but argued that equitable tolling should apply because he was confused as to the applicable deadline by which to file his suit. (Doc. No. 40 at 3.) He also argued that he adequately exhausted his race and color discrimination claims. In their briefs, both GoJet and Plaintiff attached copies of the MCHR and EEOC charges and right-to-sue letters, and the Court considered these materials in ruling on GoJet's motion. *See* Doc. No. 47 at 2 n.1.

In its Order dated March 11, 2015, the Court granted GoJet's motion with respect to the MHRA claim, dismissing it as time-barred, and rejected Plaintiff's equitable tolling

argument. (Doc. No. 47.) The Court reasoned that both the MHRA and the MCHR right-to-sue letter clearly set forth the 90-day timeline, and that Plaintiff's pro se status did not excuse him from complying with the statutory deadline. *Id.* at 7. However, the Court denied GoJet's motion with respect to the exhaustion of race and color discrimination claims. The Court found that in light of the totality of Plaintiff's factual allegations, the fact that Plaintiff did not check the boxes for race and color discrimination in his EEOC charge was not dispositive. Because a claim of race and color discrimination could reasonably be expected to grow out of Plaintiff's EEOC charge, the Court denied GoJet's motion to dismiss for Plaintiff's alleged failure to exhaust his race and color discrimination claims against GoJet. *Id*. at 10-11.

Plaintiff now moves to amend his complaint in order to add counts for race discrimination against both Defendants, pursuant to 42 U.S.C. § 1981. Plaintiff argues that his motion for leave to amend is timely, having been filed over two weeks before the case management order's deadline for amendments to pleadings, and that the amendment will add claims of which Plaintiff, initially pro se, was unaware at the time he filed the original complaint. Plaintiff asserts that the amendment will also correct deficiencies in the current complaint to clarify the existing claims against Defendants. As such, Plaintiff contends that his motion is made in good faith and will not unduly prejudice Defendants.

Plaintiff's proposed amended complaint alleges that he was terminated for an incident in which his co-pilot mocked Plaintiff's Arabic language and accent, saying "[i]s that how you speak? Is that what Arab people say?" (Doc. No. 48-1 at 4.) The proposed amended complaint also refers to the administrative charges and right-to-sue letters as

exhibits to the pleading. Plaintiff does not attach the administrative charges and right-to-sue letters to his motion for leave to amend, but as stated above, these documents were submitted to the Court in connection with GoJet's earlier-filed motion to dismiss. Plaintiff's MCHR charge alleges that while Plaintiff was purportedly terminated for pushing an employee, GoJet failed to similarly terminate a "Caucasian employee of American origin who was arrested for allegedly harassing and chasing a female to her house." (Doc. No. 25-1 at 3.) Plaintiff thus alleges that his "race, religion, color, and national origin was a contributing factor in Defendants' discrimination against Plaintiff," in violation of § 1981. (Doc. No. 48-1 at 12-13.)

In response to Plaintiff's motion for leave to amend, GoJet argues that § 1981 does not support claims of discrimination based on national origin or religion, and that while race discrimination claims are cognizable under § 1981, Plaintiff does not plead the necessary facts in support of such a claim. GoJet argues that the proposed amended complaint alleges only that Plaintiff "is Jordanian (a national origin) and Muslim (a religion)," both of which are distinct from asserting that he is part of, and was discriminated based on being, a protected racial minority. (Doc. No. 52 at 1.) Finally, GoJet argues that Plaintiff has not pled that his race was the "motivating factor" in GoJet's decision to terminate him, as is needed to prove discrimination in violation of § 1981. *Id.* at 2. For these reasons, GoJet claims that Plaintiff's amendment would be futile and that the Court should deny Plaintiff's motion for leave to amend.

IBT did not file a brief in opposition to Plaintiff's motion for leave to amend, and the time to do so has passed.

## DISCUSSION

Federal Rule of Civil Procedure 15 allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id.* Though leave to amend should generally be freely granted, it should be denied when the amendment would be futile. *See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).

"In the context of a motion to amend, 'futility' means the inability to withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Halsne v. Avera Health*, No. 12–cv–2409 (SRN/JJG), 2013 WL 3088588, at *5 (D. Minn. June 18, 2013) (citing *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). In order to withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, which, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "On a motion to dismiss, a court must primarily consider the allegations contained in the complaint, although matters of public and administrative record referenced in the complaint may also be taken into account." *Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000). Courts have considered both EEOC and MCHR charges as parts of the public and administrative record that may be taken into account on a motion on the pleadings. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802 (8th Cir. 2002) (finding that motion for judgment on the pleadings was not converted to summary judgment by attachment of a copy of the EEOC charge, which was

part of public record); *Lewey v. Vi–Jon, Inc.*, No. 4:11CV1341 JAR, 2012 WL 1859031, at *4 n.6 (E.D. Mo. May 22, 2012) (considering the plaintiff's MCHR charge when deciding a motion to dismiss, even though the charge was not attached to the complaint).

**Claims under § 1981**

To establish a prima facie claim of racial discrimination under § 1981, Plaintiff must show that: 1) he is a member of a racial minority, (2) the defendant intended to discriminate against him on the basis of race, and (3) the discrimination concerned an area enumerated by the statute. *See Williams v. Lindenwood Univ.*, 288 F.3d 349, 355 (8th Cir. 2002); *see also Goodman v. Lukens Steel Co.*, 482 U.S. 656, 669 (1987) (holding that a union's failure to press an employee's grievance, based on the employee's race, violates Title VII and § 1981), *superseded by statute on other grounds*, 28 U.S.C. § 1658. When the discrimination relates to a discharge, Plaintiff must show that: (1) he is a member of the statutory protected class; (2) he was qualified for the position in question; (3) he was discharged; and (4) that the circumstances surrounding his discharge create an inference of unlawful discrimination. *See Berg v. Bruce*, 112 F.3d 322, 327 (8th Cir. 1997).

GoJet does not dispute that Plaintiff has adequately pled that he was qualified for his position as pilot and that he was discharged. Therefore, the remaining questions are whether Plaintiff has pled sufficient facts plausibly to demonstrate that he is a member of a protected class and that the circumstances surrounding his discharge raised an inference of unlawful discrimination. GoJet is correct that Plaintiff's assertion that he is a Jordanian Muslim only speaks to his religion and national origin, neither of which are

bases for a discrimination claim under § 1981. *See Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987) (holding that for a plaintiff to state a claim under § 1981, he had to show that "he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, or his religion."). However, this fact alone is not dispositive. As is discussed above, Plaintiff has also alleged that during the dispute, his clothing and Arabic accent were mocked, and the individual doing so specifically identified Plaintiff as an Arab when he did so. Furthermore, in his MCHR charge, which the Court considers as part of Plaintiff's proposed pleading in light of its reference as an exhibit thereto,[1] Plaintiff asserts that GoJet failed to terminate a Caucasian male for similar offenses.

As the Court has previously held, these allegations, when taken together and read liberally as is proper in determining the futility of an amendment, at least raise an inference that some form of race discrimination was potentially at play. *See Saint Francis Coll.*, 481 U.S. at 613 (holding that a claim of racial discrimination pursuant to 42 U.S.C. § 1981 could be based on a showing that discrimination resulted from Arab ethnicity); *Mannat v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) (finding that a factual dispute as to whether co-workers imitated and mocked the plaintiff's ethnic characteristics was sufficient to state a claim under § 1981); *Ghane v. West*, 148 F.3d 979, 981 n.2 (8th Cir. 1998) (concluding that an Iranian plaintiff's claims of discrimination based upon both national origin and race could, for purposes of a summary judgment analysis, be treated as essentially the same claim); *Uzoukwu v. Metro.*

---

[1] The Court will direct Plaintiff to file all exhibits to his amended complaint.

*Washington Council of Gov't*, 27 F. Supp. 3d 62, 67 (D.D.C. 2014) (holding that a Nigerian plaintiff who compared her treatment to that of "white employees" stated a claim, because "some overlap between claims based on national origin and claims based on [race] . . . does not disqualify a Plaintiff from going forward under Section 1981."). Given these allegations, the Court is not prepared to say that Plaintiff's claims under § 1981 would not survive a motion to dismiss pursuant to Rule 12(b)(6). Therefore, GoJet's motion to deny Plaintiff's proposed amendment as futile will be denied. Whether Plaintiff can offer sufficient evidence to prove that he was subjected to intentional discrimination based on the fact that he is Arab, as required for a § 1981 claim, may be determined at a later stage.

**Claim under the MHRA**

Upon review of Plaintiff's proposed amended complaint, the Court notes that Count III purports to state a claim against IBT under the MHRA. Although IBT has filed neither an opposition brief to Plaintiff's motion to amend nor a motion to dismiss this claim against it, the Court nonetheless notes that, as it has already held, the MHRA contains a statute of limitations, which gives an individual 90 days from the time the MCHR issues a right-to-sue letter to file a lawsuit raising claims under the statute. *See* Mo. Rev. Stat. § 213.111.1. Plaintiff has previously admitted that he failed to file his MHRA claim within this statutory period. (Doc. No. 40 at 2-3.) In its Order dated March 11, 2015, the Court rejected Plaintiff's equitable tolling argument and found that his MHRA claim against GoJet was untimely.

As Plaintiff's MHRA claim against IBT stems from the same MCHR charge, it is

apparent that it too is time-barred.[2] Therefore, the Court will dismiss Plaintiff's MHRA claim against IBT for failure to state a claim. *See Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991) ("a district court has the power to sua sponte dismiss a complaint for failure to state a claim") (citation omitted); *Smith v. Slay*, No. 4:14CV1373 CDP, 2015 WL 1955018, at *3 (E.D. Mo. Apr. 29, 2015) (same); *Baker v. Neneman*, No. 4:14CV3051, 2015 WL 757295, at *1 (D. Neb. Feb. 23, 2015) ("[a] court may sua sponte dismiss a complaint, before service, when an affirmative defense, such as the statute of limitations, is obvious from the complaint") (citation omitted); *Wong v. Bann-Cor Mortg.*, 918 F. Supp. 2d 941, 950-51 (W.D. Mo. 2013) (dismissing certain of the plaintiff's claims sua sponte because the statute of limitations on the claims had expired prior to the filing of the lawsuit).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Alaa Almoghrabi's motion for leave to file an amended complaint is **GRANTED**. (Doc. No. 48.) The Clerk of Court shall detach Doc. No. 48-1 and docket it as Plaintiff's First Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file the exhibits referenced in his First Amended Complaint separately with the Court no later than **seven (7) days** from the date of this Order.

---

[2] IBT's answer to the original complaint contains an affirmative defense stating that "Plaintiff's claims are barred by the applicable statute of limitations." (Doc. No. 26 at 8.)

**IT IS FURTHER ORDERED** that Count III of Plaintiff's First Amended Complaint is **DISMISSED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2015.