UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALAA ALMOGHRABI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00507 AGF |
| | ) | |
| GOJET AIRLINES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Defendant GoJet Airlines, LLC, upon prevailing on summary judgment in this case, filed the present motion for bill of costs in the amount of $4,630.42. (Doc. No. 109.) The figure consists entirely of fees for deposition transcripts and copies, and is supported by invoices. Plaintiff has objected to the bill of costs, arguing that he should be excused from paying the costs for two reasons: (1) his lawsuit was not frivolous, and (2) he has modest means. For the reasons set for below, Defendant's motion will be granted.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." Under Rule 54(d)(1), a "prevailing party is presumptively entitled to recover all of its costs." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (internal quotation omitted). "[S]uch

costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith v.*

*Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (citing *Crawford Fitting*

*Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987)).  "As the losing party, [Plaintiff]

bears the burden of overcoming the presumption that [Defendant] is entitled to recover all

costs allowed by § 1920." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015).

The Court concludes that Defendant's bill of costs is statutorily authorized and

reasonable.  The prevailing party may recover costs incurred for depositions, including

video depositions, pursuant to 28 U.S.C. § 1920(2).  *Craftsmen Limousine, Inc. v. Ford*

*Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009).  The prevailing party may recover costs for

both the video recordings and stenographic transcripts for the same deposition unless the

losing party shows that either the video or the transcript was unnecessarily obtained for

use in the case.  *See Stanley*, 784 F.3d at 467.  Fees for exemplification and copies are

also allowed under 28 U.S.C. § 1920(4).

Plaintiff presents no argument that any written or electronically recorded transcript

or any copies were unnecessarily obtained for this case.  And the Court finds Plaintiff's

objections to the costs—based on the merits of his claims and his modest means—to be

unpersuasive.  Although a prevailing defendant may have to show that a losing Title VII

plaintiff's suit was frivolous in order to compel the plaintiff to pay *attorney's fees*, the

Eighth Circuit has repeatedly refused to extend this standard to the context of Rule 54(d)

costs.  *See, e.g.*, *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982).  Here,

Defendant's bill of costs does not include any request for attorneys' fees.

Plaintiff's statement that he has "modest means" is also insufficient to overcome

the presumption in favor of allowing Defendant to recover its costs. Even the indigent

are "not immune from an assessment of costs." *Lampkins v. Thompson*, 337 F.3d 1009,

1017 (8th Cir. 2003). And although courts may consider indigence when deciding

whether to reduce or excuse the award of costs, the "losing party should provide the

Court with sufficient documentation to support a finding" of indigence. *Wagner v. City

of Pine Lawn, Mo.*, No. 4:05CV1901 (JCH), 2008 WL 2323486, at *2.

Here, Plaintiff asserts that he is employed, he does not allege that he relies on

government aids, he has retained private counsel, and has not provided the Court with

any documentation tending to show that he is indigent. Accordingly, the Court is not

convinced that Plaintiff's alleged "modest means" rise to the level of indigence that

would justify reducing or excusing the award of costs.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERD** that Defendant GoJet Airlines, LLC's motion for bill

of costs in the amount of $4,630.42 is **GRANTED**. (Doc. No. 109.) The Clerk of Court

shall tax the costs.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2016.